FILED 4/13/2016 11:04:50 AM
Cindy Fowler, District Clerk
Medina County, Texas
By: Rosemary Garza, Deputy
16-04-23593-CV

CAUSE NO. _____

| | | |
|---|---|---|
| TRACY BOWMAN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| USASIA TRANSPORT LLC, | § | |
| and HOR YUMROATHA | § | MEDINA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **TRACY BOWMAN**, Plaintiff in the above-styled and numbered cause, complaining of **USASIA TRANSPORT LLC**, and **HOR YUMROATHA**, hereinafter referred to as Defendants, and for cause of action would show unto the Court as follows:

### PARTIES

1.      Plaintiff, **TRACY BOWMAN**, is an individual residing in San Antonio, Bexar County, Texas.

2.      Defendant, **USASIA TRANSPORT LLC**, is a foreign non-resident limited liability company which may be served through the Texas Long-arm Statute over Nonresident Motor Vehicle Operator, Tex. Civ. Prac. & Rem. Code §17.062. Defendant may be served through Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, and forwarded to the Defendant at 27 Union Ave, 1st Floor, Providence, Rhode Island 02909.

3.      Defendant, **HOR YUMROATHA**, is a non-resident individual who may be served through the Texas Long-arm Statute over Nonresident Motor Vehicle Operator, Tex. Civ. Prac. & Rem. Code §17.062. Defendant may be served through Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, and



EXHIBIT
A

forwarded to the Defendant at 27 Union Ave, 1st Floor, Providence, Rhode Island 02909.

## VENUE

3.      This is a motor vehicle negligence case.  Venue is proper in Medina County, Texas pursuant to Sections 15.002 (a)(1) and (2), Texas Civil Practice and Remedies Code.

## FACTS

4.      On or about July 13, 2015, Plaintiff **TRACY BOWMAN** was operating a 2011 silver Ford F150 pick-up truck and was driving south on IH-35 in Medina County. Defendant **HOR YUMROATHA** was driving a commercial truck tractor with attached semi-trailer. Defendant **HOR YUMROATHA** was operating his vehicle within the course and scope of his employment with **USASIA TRANSPORT LLC.**  Further, Defendant **HOR YUMROATHA** is a principal, director, and operator of **USASIA TRANSPORT LLC.** and was acting in furtherance of and on behalf of **USASIA TRANSPORT LLC.** when operating his vehicle on July 13, 2015.

Defendant was stopped on the south bound shoulder of IH-35 updating his log book when he then attempted to merge back onto the main lanes of travel.  Defendant failed to yield the right of way to Plaintiff and Plaintiff's vehicle struck Defendant's vehicle.  The collision happened at 8:30 a.m. on southbound IH-35, approximately 0.6 miles south of State Highway 132 in Medina County, Texas.  Both vehicles came to a stop on the south bound shoulder of IH-35 just after the entrance ramp.  Defendant **HOR YUMROATHA** failed to yield the right of way and made an unsafe start from a stopped position.  Defendant **HOR YUMROATHA** was cited for Unsafe Start from Stopped

Position, Citation Num. TX4DUFOP0X53.

Defendant **HOR YUMROATHA** was working within the course and scope of his employment with Defendant **USASIA TRANSPORT, LLC.,** at the time of the wreck.

## NEGLIGENCE

5.      Plaintiff would show that the above-described collision and the resulting injuries and damages were brought about and caused to occur directly and proximately by the negligence of the Defendants.  Defendant **HOR YUMROATHA** was negligent in the following acts of commission and omission among others to wit:

(a)     Failing to keep and maintain a proper lookout as a person using ordinary care would have kept under the same or similar circumstances;

(b)     Making an unsafe start from a stopped position;

(c)     Failing to take proper evasive measures;

(d)     Failing to yield the right of way;

(e)     Failing to control is speed;

(f)     Driver inattention; and

(g)     Distraction in the vehicle.

Each of the above and foregoing acts and/or omissions whether taken singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages which are described hereinafter with more particularity.

Defendant **USASIA TRANSPORT LLC.** is vicariously liable for the torts of its

employees who commit said tort within the course and scope of employment. Thus, **USASIA TRANSPORT LLC** is liable for all negligent acts of Defendant **HOR YUMROATHA.** Further, Defendant **HOR YUMROATHA** is a principal, director, and operator of **USASIA TRANSPORT LLC.** and was acting in furtherance of and on behalf of **USASIA TRANSPORT LLC.** when operating his vehicle on July 13, 2015.

<u>GROSS NEGLIGENCE</u>

6.      Defendant **HOR YUMROATHA** committed gross negligence.   The Defendant committed an act or omission, which when viewed objectively from the Defendant's standpoint, involved an extreme degree of risk considering the probability and magnitude of the potential harm, and which the Defendant had actual, subjective awareness of, but still proceeded with conscious indifference.   Defendant **HOR YUMROATHA** was a principal of Defendant **USASIA TRANSPORT LLC.** and therefore **USASIA TRANSPORT LLC.** also is liable for gross negligence.

Defendant **HOR YUMROATHA** operated his vehicle with extreme recklessness and conscious indifference to the Plaintiff.   Defendant was improperly attempting to update his log book on the shoulder of IH-35.  Defendant then merged into IH-35 without any regard for the other drivers on the road.  It is an extreme risk to pull out suddenly and without warning in a large tractor-trailer onto a busy highway during rush hour where the speed limit is 75 mph.  Defendant acted with conscious indifference to Plaintiff and to the public in general.  Defendant had subjective knowledge of the risk to the other drivers by his unsafe driving.  Defendant has a pattern of unsafe driving, having been cited in other

instances for failing to follow state traffic laws and failing to keep his log book in order in accordance with Federal statutes.

## DAMAGES

7.       As a result of the negligent acts of Defendant that proximately caused the occurrence in question and injuries to Plaintiff, the Plaintiff **TRACY BOWMAN** has suffered damages within the jurisdictional limits of the Court:

(a)      Reasonable and necessary medical expenses in the past;

(b)      Reasonable and necessary medical expenses which in reasonable probability he will suffer in the future;

(c)      Physical pain, suffering, and mental anguish in the past;

(d)      Physical pain, suffering, and mental anguish which in reasonable probability he will suffer in the future;

(e)      Physical impairment in the past;

(f)      Physical impairment which in reasonable probability he will suffer in the future; and

(g)      Loss of earning capacity, past and future.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred thousand dollars ($200,000.00), but not more than one millions dollars ($1,000,000.00). Because personal injury damages are unliquidated and are not capable of measurement by a definite standard, the trier of fact is afforded broad discretion in fixing the amount of an award; therefore, Plaintiff reserves

the right to amend these amounts if a jury awards an amount in excess of one million dollars ($1,000,000.00).

## JURY DEMAND

8.     Plaintiff hereby demands a trial by jury of all issues herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial hereof, Plaintiff have judgment against Defendant for damages in an amount within the jurisdictional limits of this Court, together with pre-judgment interest, post-judgment interest, costs of suit, and for such other and further relief at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**JANICEK LAW FIRM, PC**
1100 NE Loop 410, Suite 550
San Antonio, Texas 78209
(210) 366-4949 *Telephone*
(210) 979-6804 *Facsimile*

By:_____
BETH S. JANICEK
State Bar No. 00788495
**ANDREW J. SKEMP**
State Bar No. 24075082

*Attorneys for Plaintiff*